UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**GLENN D. ODOM**                                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 5:21-cv-22-BJB**

**JACOB BRUCE et al.**                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Glenn D. Odom, a prisoner, initiated this 42 U.S.C. § 1983 action. Plaintiff's amended complaint (DN 11) is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). This initial screening occurs before the Defendants are required to respond, and so the Court does not enjoy the benefit of adversarial briefing. For the following reasons, the Court will dismiss some claims and allow the remaining Defendants to respond with an appropriate filing or motion with respect to the remaining claims.

### I. STATEMENT OF CLAIMS

Plaintiff's original complaint in this action named ten employees of the Kentucky State Penitentiary (KSP), where Plaintiff is housed (DN 1). Plaintiff then filed a motion to amend his complaint (DN 6), stating that he wished to narrow the scope of this action to a First Amendment claim against fewer Defendants than were named in the original complaint. The Court granted Plaintiff's motion to amend (DN 8), and Plaintiff has filed his amended complaint (DN 11).

In his amended complaint, Plaintiff names as Defendants in their individual and official capacities KSP Warden Scott Jordan and Berton Bare, the "Internal Affairs/Mailroom Supervisor." He also names KSP Mailroom Techs Cody Edmonds and Tammy Bauer, in their individual capacities only.

Plaintiff alleges that when he arrived at KSP on December 18, 2020, he had a subscription to the Louisville Courier-Journal newspaper.  His amended complaint states that he changed his address from the Kentucky State Reformatory where he had previously been housed and received one newspaper dated December 29, 2020.  He states that he then received a "'notice of unauthorize[d] mail'" form stating that he could no longer receive his newspaper because the newspaper had to be paid for from his prison account.  He explains that his newspaper had been paid for from a bank account "in the community."  He states that Corrections Policies and Procedures  (CPP) 16.2 does not provide that inmates cannot receive newspapers from family members or their personal bank accounts, nor does it state that inmates must pay for newspapers from their inmate account.  He alleges that "[n]o other K.Y.D.O.C. prison enforces such a[n] imaginary rule."

Plaintiff states that he appealed the "mailroom rejection," but Defendant Jordan refused to answer the appeal.  Instead he sent it to Defendant Bare, who upheld the "imaginary rule."

Plaintiff further alleges that the mailroom threw away all of his newspapers until March 8, 2021.  He further alleges that Defendants refuse to allow segregation inmates to purchase law books, dictionaries, and the like.  And that all other KDOC prisons allow disciplinary segregation inmates to purchase or receive paperback books.  He alleges that KSP "used to allow such until several inmates begin to file federal lawsuits."  He asserts that prisoners have a First Amendment right to read and that publishers have a First Amendment right to send them reading materials.  He also asserts that Defendants' actions are not based on the reasonableness standards set forth in *Turner v. Safley*, 482 U.S. 78 (1987).

As relief, Plaintiff asks for monetary damages, punitive damages, and an injunction.

Plaintiff attaches several exhibits, including a memorandum from Defendant Bare. The memo explains that the denial of his appeal regarding his mail rejection was based on CPP 16.2, which states that "[p]ublications received shall be prepaid by the inmate through institutional procedures and mailed prepaid by the distributor."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. ANALYSIS

### A. Claims against Defendants Jordan and Bare

Plaintiff alleges that Defendant Jordan refused to answer Plaintiff's appeal of the mailroom's refusal to give him his newspaper. Plaintiff states that Defendant Jordan sent the appeal to Defendant Bare, who upheld the "imaginary rule."

There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir.

2005). A plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk–Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Consequently, the Court will dismiss the procedural claims against Defendants Jordan and Bare for failure to state a claim upon which relief may be granted.

### ***B. Claims against Defendants Edmonds and Bauer***

The Court will allow Plaintiff's First Amendment claims against Defendants Edmonds and Bauer to continue. Plaintiff alleges they limited his newspaper access to subscriptions paid out of his inmate account, and disallowed segregation inmates from purchasing law books and dictionaries. DN 11. The Supreme Court has held that imprisonment does not automatically

deprive prisoners of all First Amendment protections. *See Beard v. Banks*, 548 U.S. 521 (2006) (considering challenge to prison regulation limiting inmate access to newspapers and books). But the Constitution permits greater restrictions of constitutional rights in a prison than it would allow elsewhere. *See Turner*, 482 U.S. 84–85. Prison regulations are permissible so long as they are "'reasonably related' to legitimate penological objectives." *Id*. at 87. The answer to the question whether the Defendants violated the First Amendment could well turn on the nature of the penological interests the Defendants assert, and whether the challenged regulations reasonably relate to those interests. *See Beard*, 548 U.S. at 529.

With only the Plaintiff's complaint before the Court, and without the benefit of adversarial briefing, the Court cannot say—at the § 1915A screening stage—whether that standard is met. Therefore, Plaintiff's claim may proceed past this juncture and Defendants may file a responsive pleading or any other appropriate motion under the scheduling order this Court will enter.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** Plaintiff's claims against Defendants Scott Jordan and Berton Bare pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, but allows the claims against Defendants Cody Edmonds and Tammy Bauer to proceed.

The Court **DIRECTS** the Clerk of Court to **terminate** all Defendants except Cody Edmonds and Tammy Bauer as parties to this action.

The Court will enter a separate Scheduling Order to govern the remaining claims against Defendants Edmonds and Bauer.

Date: October 8, 2021

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
B213.009