# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**GLENN D. ODOM**                                                                                    **PLAINTIFF**

v.                                                                                    **CIVIL ACTION NO. 5:21-cv-22-BJB**

**CODY EDMONDS et al.**                                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Glenn D. Odom has filed a motion to supplement the complaint (DN 20). Because the new allegations largely overlap with Odom's other claims, which satisfied 28 U.S.C. § 1915A screening (*see* DN 13), the Court grants the motion and allows Odom to join the two additional defendants.

On initial review in this prisoner 42 U.S.C. § 1983 lawsuit, the Court allowed to continue First Amendment claims against Defendants Edmonds and Bauer for limiting Plaintiff's newspaper access to subscriptions paid out of his inmate account and for disallowing segregation inmates from purchasing law books and dictionaries. But the Court noted that the Constitution permits prison regulations so long as they are "'reasonably related' to legitimate penological objectives." DN 13, pp. 4-5 (quoting *Turner v. Safley*, 482 U.S. 78, 87 (1987)).

According to the motion to supplement, on or around January 13, 2022, the "mailroom defendants[1] were present, participated in, and clearly ordered all of Plaintiff's legal documents, hygiene items, Bible, linen, and etc. to be taken. This was ordered for no logic[al] reason and Plaintiff was left with absolutely nothing but his underwear and a mattress for six (6) days."

---

[1] Based on the context, the "mailroom defendants" appear to be Edmonds and Bauer, who were identified in the amended complaint (DN 11) as Kentucky State Penitentiary "Mailroom Techs," and who are apparently supervised by the two additional defendants identified in Odom's motion to supplement, Bare and Villasenor.

Plaintiff wishes to add two Defendants, Berton Bare and Ricardo Villasenor, both mailroom supervisors, in connection with this claim.

Plaintiff next alleges (or perhaps queries) that "The defendants … have started to reject in-coming legal mail claiming that it is 'oversized'?" He also asserts that some of his out-going legal mail did not reach its destination "due to the defendants not keeping a log [of] out-going legal mail (consistent with other [Kentucky Department of Corrections] prisons)." And Plaintiff states that he would "like to address the defendants['] willful violation of a previous settlement agreement that requires all KYDOC mailroom staff not to reject publications/books/etc. except for certain reasons."

A plaintiff may supplement a pleading to set "out any transaction, occurrence, or event that happened after the date of the pleading." Fed. R. Civ. P. 15(d). The standard for granting leave to supplement a complaint under Rule 15(d) of the Federal Rules of Civil Procedure is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Under that standard, the Court should freely give leave for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The factors to consider include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001); *see also Diamond Elec., Inc. v. Knoebel Constr., Inc.*, No. CV 5:16-023-KKC, 2016 WL 6518625, at *2 (E.D. Ky. Nov. 2, 2016). As set forth below, the Court grants Plaintiff's motion to supplement the complaint.

Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in a lawsuit brought under § 1983 is to identify the specific

constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Viewed narrowly, Odom's motion asserts that the defendants started rejecting his incoming "oversized" mail, but it doesn't contend that the defendants violated any specific federal statute or acted pursuant to an unreasonable regulation in violation of his First Amendment rights. To the extent that's all he asserts, Odom's motion would be denied as futile for failing to state a claim upon which relief can be granted. § 1915A(b)(1). But construed liberally, as the Court is required to do, Odom's motion appears to claim that both the original and proposed new defendants violated the First Amendment by rejecting his incoming mail as "oversized" under a purported policy that is not reasonably related to legitimate penological objectives. *See Turner*, 482 U.S. at 89. To the extent his motion makes such a claim, as his original complaint did, the supplemented allegations would survive § 1915A screening and therefore aren't futile. *See* DN 4–5.

Plaintiff also claims that some out-going legal mail has not reached its destination because Defendants do not keep a log of out-going legal mail like other Kentucky prisons do. Again, to the extent Plaintiff asserts that his mail did not reach its destination because the defendants acted pursuant to a policy of refusing to direct inmates' mail to the correct destination, and that such policy has no penological objective, he again states a plausible claim for § 1915A screening purposes. *See Turner*, 482 U.S. at 89. But to the extent Plaintiff asserts that the defendants simply failed to comply with prison or KYDOC rules or regulations, his claim would be futile. *See, e.g., Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."). The Court, however, construes the motion as asserting the former. So the Court holds that supplementation of the complaint with this additional allegation against the two new Defendants is not futile.

A motion to supplement with a non-futile claim requires courts to ask whether a plaintiff delayed filing his motion, exhibited bad faith in filing it, or repeatedly failed to cure deficiencies, and whether the defendant(s) had notice and would be unduly prejudiced.  *See Perkins*, 246 F.3d at 605; *see also Diamond Elec.*, 2016 WL 6518625, at *2.

Plaintiff moved to supplement his Complaint not long after the alleged events occurred. Nothing indicates bad faith or failure on Plaintiff's part—either in providing notice or including the proposed supplemental claims in a previous motion.

Nor does the motion prejudice Defendants, who had an opportunity to respond to the motion to supplement, but did not.[2]  Additionally, the delay should not prejudice Defendants, particularly given their delays in answering the original Complaint.

Finally, the Court holds that these proposed supplemental claims regarding Odom's inability to access or send mail are sufficiently related to the First Amendment claims already going forward.  Allowing supplementation, therefore, should not diminish the efficiency and fairness of the proceedings.  *See, e.g.*, *Stryker Corp. v. XL Ins. Am., Inc.*, No. 1:05-CV-51, 2013 WL 5533609, at *5 (W.D. Mich. Oct. 7, 2013) ("[C]ourts faced with requests to supplement pleadings inquire into the effect of the proposed new claims on the manageability and fairness of the proceedings."); *see also DeSpain v. Louisville Metro. Gov't*, No. 3:14-CV-P602-CHB, 2021 WL 3640189, at *1 (W.D. Ky. Aug. 17, 2021) (same).

Plaintiff also claims that the defendants violated a "previous settlement agreement that requires all KYDOC mailroom staff not to reject publications/books/etc/ except for certain reasons."  This claim is futile.  Odom doesn't identify the "settlement agreement" to which he refers.  Nor does he explain whether this Court has authority to review alleged violations of the

---

[2] Under this Court's Local Rule 7.1(c), "Failure to timely respond to a motion may be grounds for granting the motion."

settlement agreement. He, therefore, fails to state a claim related to the alleged settlement agreement. *See Ford v. Caruso*, No. 08-CV-11374-DT, 2008 WL 2982127, at *1 (E.D. Mich. July 31, 2008) ("Plaintiff fails to state a claim regarding any violation of a class action settlement agreement because he does not identify which settlement agreement and does not state whether the undersigned has any authority to review alleged violations of the settlement agreement.").

The Court **GRANTS** Plaintiff's motion to supplement (DN 20) regarding the first two claims discussed above and **DENIES** the motion (DN 20) regarding his claim related to a settlement agreement.

The Court will enter a separate Service and Revised Scheduling Order.

Date:  November 15, 2022

Benjamin Beaton, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
B213.009

5