UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**GLENN D. ODOM**                                                                                    **PLAINTIFF**

v.                                                               **CIVIL ACTION NO. 5:21-cv-22-BJB**

**CODY EDMONDS et al.**                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff moves for default judgment or for Defendants to be held in contempt of court (DN 21) pursuant to Rules 55(b) and 70(e) of the Federal Rules of Civil Procedure because Defendants failed to answer or otherwise respond to the complaint after they were served. For the reasons that follow, the Court denies the motion.

Before Plaintiff filed his motion, the Court ordered general counsel for the Justice and Public Safety Cabinet (JPSC) Office of Legal Counsel, which represents Defendants, to show cause why, despite being served, it had not taken any action as required by the Court's Service and Scheduling Order (DN 18). The attorney manager, Edward A. Baylous II, responded (DN 19) that his office had not assigned the case to an attorney as it should have. Baylous stated that he would assume responsibility for assigning the case to an attorney and obtaining the necessary waivers respecting any potential conflict of interest. He further stated that he would inform the Court no later than January 15, 2022, if any individual Defendants declined JPSC representation. That date passed with no statement by Baylous.

Plaintiff then filed his motion. Shortly thereafter, the Court entered an order (DN 22) for general counsel to show cause for the failure to comply with the Court's prior order to complete and return a notice of waiver of service for Defendants, or else provide a forwarding or last known address for any Defendant it did not represent.

In response, Baylous entered his appearance as counsel for Defendants (DN 23), filed an answer to the amended complaint (DN 24), and responded to the show-cause order (DN 25). The response to the show-cause order explained that the original attorney assigned to this case had a potential conflict of interest that required a reassignment. Yet the office did not actually make the reassignment. Counsel indicated that he, therefore, has now assigned the case to himself to avoid any further confusion. Counsel did not respond to Plaintiff's motion for default judgment/contempt.

**Motion for Default Judgment**

Plaintiff moves for default judgment under Rule 55(b). But the Federal Rules require the Clerk of Court to enter default under Rule 55(a) before the Court may enter default judgment under Rule 55(b).[1]  *See Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012) (citing *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); 10A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2682). This would suffice to justify denying the motion for default judgment. *See Bey v. Elmwood Place Police Dep't*, No. 17-3945, 2018 WL 4354541, at *1 (6th Cir. May 18, 2018); *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015) ("The district court properly denied Reed-Bey's motion for default *judgment* against defendants . . . pursuant to Federal Rule of Civil Procedure 55(b), because Reed-Bey failed first to obtain an *entry* of default pursuant to Federal Rule of Civil Procedure 55(a).") (italics in original).

In any event, "the law disfavors defaults," and entry of judgment on technical rather than substantive grounds is not warranted here. *Gerber v. Riordan*, No. 3:06CV1525, 2006 WL 3612850, at *1 (N.D. Ohio Dec. 8, 2006) (citing *Shepard Claims Serv., Inc.*, 796 F.2d at 193).

---

[1] Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

"When any doubt exists as to whether a default should be entered or vacated, doubt should be resolved in favor of the allegedly defaulting party in the interest of resolving conflicts on the merits." *Williams v. Barberton City Sch. Dist. Bd. of Educ.*, No. 5:11 CV 2514, 2012 WL 116044, at *2 (N.D. Ohio Jan. 13, 2012). Counsel has explained the reasons behind the oversight that resulted in the Defendants' delay in waiving service and filing an answer. Counsel also has assumed responsibility for the case in an effort to ensure that the prior mistakes are not repeated. Defendants have now answered the complaint. While the delays and missed deadline should not be trivialized or repeated, they do not rise to a level of egregious or entirely unreasonable conduct. So default judgment is not warranted. The Court, therefore, **DENIES** Plaintiff's motion for default judgment (DN 21).

### Motion to Hold Defendants in Contempt

In requesting to hold Defendants in contempt, Plaintiff cites Rule 70(e). That Rule allows a court to hold in contempt a disobedient party in the context of enforcing a judgment for a specific act—a scenario not at issue here.

"The power to punish for contempt," however, "is an inherent power of the federal courts [and] include[es] the power to punish violations of their own orders." *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001); *see also Elec. Workers Pension Tr. Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) ("When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court."). Civil contempt must be established by clear and convincing evidence. *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998). If a party has violated a court order, the burden shifts to that party to show an inability to comply. *Id*. When evaluating a defendant's failure to comply with a court order, the court considers whether the defendants "took all reasonable steps

within their power to comply with the court's order." *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989). In the civil contempt context, "'[j]udicial sanctions . . . may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Elec. Workers Pension Tr. Fund of Local Union #58*, 340 F.3d at 379 (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)); *see also United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) ("Broadly, the purpose of civil contempt is to coerce an individual to perform an act or to compensate an injured complainant."). "[T]he decision to hold a party in contempt is within the sound discretion of the district court[.]" *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017).

At the time Plaintiff filed his motion, Defendants' counsel had not complied with the Court's order. Counsel, however, has now explained what led to the delay and the actions taken to rectify the situation. Plaintiff, moreover, moved for contempt only insofar as Defendants failed to appear before January 15 and hadn't done so when he filed his motion. But Defendants have since appeared and answered his amended complaint. And Plaintiff does not assert that Defendants are continuing to defy any Court order. So holding Defendants in contempt would not be a reasonable way to enforce an order with which they have already complied (albeit tardily). And Plaintiff does not argue that he has sustained any loss or prejudice connected to the

4

5

delay in answering.² So neither coercion nor compensation is necessary or warranted here. The Court therefore **DENIES** Plaintiff's motion for contempt (DN 21).

Date: November 15, 2022

Benjamin Beaton, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
B213.009

---

² Plaintiff does not ask for damages in connection with this motion, but instead asks that if default judgment is not entered, Defendants be found in contempt "with the next violation being subject to damages sought by the plaintiff." DN 21, p. 3.